ELDER, J.,
dissenting.
Without doubt, as the majority concludes, the record supports the trial court’s finding that appellant acted with the requisite intent to harass his wife. In addition to proving this intent, however, the Commonwealth also was required to establish that appellant’s language was “obscene” as that term is used in Code § 18.2-152.7:1. Contrary to the view of the majority, I would retain the definition of “obscene” set out in Allman v. Commonwealth, 43 Va.App. 104, 109-11, 596 S.E.2d 531, 534-35 (2004) (interpreting Code § 18.2-427), as the appropriate definition for use under Code § 18.2-152.7:1, as well. For the reasons set out in the panel majority opinion, I would conclude appellant’s language here, like the language at issue in Allman, was “utterly tasteless and rude” but did not rise to the level of being “obscene.” Allman, 43 Va.App. at 112, 596 S.E.2d at 535. Thus, I respectfully dissent.